UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT GILBERT,

    Petitioner,                                                        Case No. 1:09-cv-578

v                                                                          HON. JANET T. NEFF

JOHN PRELESNIK,

    Respondent.

_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition as barred by the one-year statute of limitations. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11.

Petitioner argues that equitable tolling should apply to avoid the statute of limitations timebar. He claims that "he was systematically prevented in his efforts from filing a proper application for State post-conviction [review] . . . due to the lack of judicial cooperation and constitutionally infirm administrative policies set in place beyond his control." (Dkt 6 at 5) Petitioner more

1

specifically asserts that he was improperly denied the assistance of his fellow prisoners in pursuing his state-court appeal because of prison policies (Dkt 6 at 3). He also alleges that his state-court requests for legal documents were not fully answered (Dkt 6 at 3-4).

Petitioner's arguments are without merit. A petitioner seeking equitable tolling of the limitations period must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). His allegations of uncooperative state actors notwithstanding, Petitioner has failed to make a factual showing of some extraordinary circumstance that prevented him from filing his petition within the limitations period. Even if he had shown such circumstance, the significant amount of time that passed between his various filings and requests precludes a finding that Petitioner pursued his rights diligently. Therefore, his objection is denied.[1]

Having so determined, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

---

[1] Petitioner's Application to Proceed Without Prepayment of Fees (Dkt 2) is moot since petitioner paid the $5 filing fee.

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable. Petitioner filed his habeas petition over a year after the limitations period had run, and he has not shown that equitable tolling is warranted. A certificate of appealability will therefore be denied.

      A Final Order will be entered consistent with this Opinion.


Date: December 1, 2009                                  /s/ Janet T. Neff
                                                                        JANET T. NEFF
                                                                        United States District Judge